UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS                                                     NO. 17-05

KWAME FLEMING                                              SECTION "B"(3)

ORDER AND REASONS

Before the Court are petitioner's *pro se* filed motions for appointment of counsel and to reduce sentence under the First Step Act of 2018 (Rec. Docs. 80, 84, 85), as well as the government's response in opposition (Rec. Doc. 82).

For the reasons stated below,

**IT IS ORDERED** that defendant's motion for a sentence reduction (Rec. Doc. 80) and motion for appointment of counsel (Rec. Doc. 85) are **DENIED**.

I.  **FACTS AND PROCEDURAL HISTORY**

On July 30, 2018, defendant was charged and pleaded guilty to seven counts: (1) accessory after the fact to murder through use of a firearm, 18 U.S.C. § 3; (2) carjacking, 18 U.S.C. § 2119 and 2; (3) brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii); (4) Hobbs Act Robbery, 18 U.S.C. § 1951 and 2; (5) discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii); (6) carjacking, 18 U.S.C. § 2119; and (7) brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). Rec. Doc. 71 at 1. After defendant pleaded guilty, Congress amended Section 603(b) of the First Step Act to

1

eliminate the "stacking" of consecutive mandatory minimum sentences under 18 U.S.C. § 924(c)(1)(C). Beginning on December 21, 2018, the 25-year mandatory minimum for second and successive convictions of § 924(c)(1)(A) does not apply unless a defendant has previously been convicted of § 924(c)(1)(A) and that previous conviction became final before the current § 924(c)(1)(A) violation. This amendment was effective before defendant's sentencing on August 14, 2019. Accordingly, defendant was sentenced 24 years for the three violations of § 924(c)(1)(A), instead of 57 years, due to the removal of the two 25-year mandatory minimum sentences. Rec. Doc. 71 at 4.

On August 14, 2019, defendant was sentenced to 439 months of imprisonment served consecutively at the Hazelton Federal Penitentiary. Rec. Doc. 71 at 1. On June 9, 2021, defendant filed, *pro se*, a motion to reduce sentence. Rec. Doc. 80. The government responded in opposition on July 7, 2021. Rec. Doc. 82. On July 30, 2021, defendant requested appointment of counsel to assist him with his efforts to secure a reduced sentence. Rec. Doc. 85.

**II. LAW AND ANALYSIS**

**A. First Step Act of 2018**

The First Step Act of 2018 can authorize courts to reduce a previously imposed sentence. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019). However, the First Step Act does not require courts to reduce a sentence - it merely gives the court

discretion to do so. *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019); *United States v. Carter*, 05-229 "R" (3), 2020 WL 2037196, at *1 (E.D. La. Apr. 28, 2020) ("[S]entencing reductions under the First Step Act are not mandatory, even if the petitioner is eligible.").

Section 403 of the First Step Act amended 18 U.S.C. § 924(c)(1)(C)(i) applies the 25-year mandatory minimum sentence to defendants who violate § 924(c)(1)(A) after a prior conviction under the provision becomes final. *United States v. Gomez*, 960 F.3d 173, 177 (5th Cir. 2020). If a defendant is simultaneously charged with multiple § 924(c)(1)(A) offenses, the 25-year repeat-offender minimum should not be imposed unless that defendant has been convicted of a § 924(c)(1)(A) offense in a prior, separate prosecution. *Id*. These statutory changes are not retroactive. *See United States v. Robinson*, 980 F.3d 454, 459 (5th Cir. 2020). Here, defendant was simultaneously sentenced to three counts of § 924(c)(1)(A) *after* the First Step Act became effective. Thus, defendant already benefited from the reform to "stacking" multiple violations of § 924(c)(1)(A) and this cannot again be applied here. Rec. Doc. 71 at 4.

Additionally, the other changes to federal sentencing law under the First Step Act do not apply to this case. The Act grants re-sentencing authority subject to the court's discretion. *Jackson*, 945 F.3d at 474. Prisoners may petition the court directly for

compassionate release after they exhaust their administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The court may also reduce a term of imprisonment if extraordinary and compelling reasons warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The severity of a pre-First Step Act § 924(c) sentence could constitute an "extraordinary and compelling reason" for relief in certain cases. *United States v. Cooper,* 996 F.3d 283, 289 (5th. Cir. 2021) (instructing a district court on remand to consider whether nonretroactive sentencing changes to § 924(c) conviction may amount to extraordinary and compelling reasons for a reduction in sentence).

Defendant has not exhausted his administrative remedies because he did not file a request with the Bureau of Prisons before filing a motion in federal court. This requirement is a "mandatory claim-processing rule." *United States v. Lee*, No. 04-11 "L", 2021 WL 312943, at *2 (E.D. La. Jul. 23, 2021) (citing *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Furthermore, defendant failed to provide any other extraordinary and compelling reasons for a sentence reduction.

**B. Hobbs Act Robbery**

In the Fifth Circuit, Hobbs Act Robbery qualifies as a crime of violence for purposes of § 924(c). *United States v. Buck,* 847 F.3d 267, 274 (5th Cir. 2017) (holding that it was not erroneous for the district court to classify a Hobbs Act robbery as a crime

4

of violence under § 924(c)). The Hobbs Act defines robbery as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. 18 U.S.C. § 1951(b)(1). The Fifth Circuit has reiterated "at least five times" that this definition of robbery satisfies the necessary standard for a crime of violence under § 924(c)(3)(A). *United States v. Bowens,* 907 F.3d 347, 354 (5th Cir. 2018).

Defendant relies on the Fourth Circuit's holding in *Taylor* to support his position. *Taylor* holds that conspiracy to commit or an attempted Hobbs Act robbery does not qualify as a crime of violence. 979 F.3d at 210. Defendant was convicted on three counts of Hobbs Act robbery, not of conspiracy to commit or attempted Hobbs Act robbery. Rec. Doc. 71 at 1. Therefore, this authority is unpersuasive and a sentence reduction is not appropriate in defendant's case.

### C. Appointment of Counsel

In post-conviction proceedings, including for a motion to reduce a prison sentence, there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). However, the Court may use its discretion to appoint counsel if it is in the interest of justice, such as when the motion

involves a complicated or unresolved issue. *United States v. Robinson*, 542 F. 3d 1045, 1051-52 (5th Cir. 2008). Here, there are no complicated or unresolved issues. Defendant's motion involves a routine application of the First Step Act and neither of defendant's arguments support a sentence reduction. Defendant provided sufficient and cogent argument for his position here. Accordingly, appointment of counsel would not bring an added benefit to these proceedings.

New Orleans, Louisiana this 29th day of November, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE