UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-05 |
| KWAME FLEMING | SECTION: "B" |

## ORDER & REASONS

Before the Court are defendant Kwame Fleming's motion to vacate, set aside, or correct sentence (Rec. Doc. 88), his motion for appointment of counsel (Rec. Doc. 90), the government's opposition (Rec. Doc. 92), and defendant's motion to withdraw Record Document 88 arguments and to file an out-of-time appeal (Rec. Doc. 94). For reasons assigned below,

**IT IS ORDERED** that defendant's motions to vacate, set aside, or correct sentence (Rec. Doc. 88), for appointment of counsel (Rec. Doc. 90), and for an out-of-time appeal (Rec. Doc. 94) are **DENIED.**

### I. Facts and Procedural History

On July 30, 2018, defendant was charged and pleaded guilty to seven counts: (1) accessory after the fact to murder through use of a firearm, 18 U.S.C. § 3; (2) carjacking, 18 U.S.C. §§ 2119 and 2; (3) brandishing a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; (4) Hobbs Act Robbery, 18 U.S.C. §§ 1951 and 2; (5) discharging a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; (6) carjacking, 18 U.S.C. §§ 2119 and 2; and (7) brandishing a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Rec. Doc. 71 at 1. On August 14, 2019, defendant was sentenced to 439 months of imprisonment—151 months for the accessory to murder and three § 924(c) convictions to be served concurrently and a total of 288 months for the remaining charges to be served consecutively. *Id.* at 2. Fleming also received three years of supervised release for each charge, to be served concurrently. *Id.* at 3. He

1

currently is housed at USP Beaumont with a projected release date of November 2, 2048. *See* Inmate Locator, https://www.bop.gov/inmateloc (last visited January 4, 2024).

In June and July of 2021, defendant filed motions for the appointment of counsel and the reduction of his sentence under the First Step Act of 2018. Rec. Docs. 80, 84, 85. Among his arguments, defendant contended there were errors in the characterization of his predicate offenses due to changes in the law. Rec. Doc. 80 at 1; Rec. Doc. 84 at 1. This Court denied all motions. Rec. Doc. 86 at 1. Specifically, we noted that a Hobbs Act Robbery conviction properly serves as a crime of violence for § 924(c) purposes. *Id.* at 4–5.

On March 28, 2022, defendant filed, *pro se*, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. 88. Two weeks later, defendant requested the appointment of counsel to pursue his claim. Rec. Doc. 90. The government responded in opposition to defendant's § 2255 motion on May 13, 2022. Rec. Doc. 92. On July 5, 2022, defendant filed a motion to "withdraw all arguments in the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence." Rec. Doc. 94 at 1. Therein, defendant also requested "an out of time appeal only where there record reflects an appeal was 'never taken.'" *Id*.

**II.    Law and Analysis**

**A. 28 U.S.C. § 2255 is proper procedural vehicle for an out-of-time appeal**

The Federal Rules of Appellate Procedure provide the baseline for the timeliness of a direct criminal appeal: fourteen days from the judgment. Fed. R. App. P. 4(b)(1)(A). District courts may permit an appeal beyond fourteen days if there is a finding of excusable neglect or good cause, but that window closes thirty days after the original appellate due date. *Id.* at 4(b)(4). While these deadlines are not jurisdictional limitations, they do present a mandatory claims-processing rule.

*See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007); *United States v. Plascencia*, 537 F.3d 385, 388–89 (5th Cir. 2008).

These timeframes are subject to equitable tolling, but the Fifth Circuit has held that time suspension primarily adheres in cases where a party "is actively misled . . . or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (tolling in "rare and exceptional circumstances"). More specifically, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity due to illiteracy is not grounds for equitable tolling). Courts find evidence for equitable tolling when a party misses its deadline despite pursuing an appeal with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

If barred from a timely direct appeal, a defendant must appeal a federal criminal conviction through 28 U.S.C. § 2255. When an appeal occurs beyond the time restrictions of the Federal Rules of Appellate Procedure, it is often referred to as an "out-of-time direct criminal appeal" or, simply, an "out-of-time appeal." *See United States v. West*, 240 F.3d 456, 458–59 (5th Cir. 2001); *see also Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) ("The basic principles upon which our rule entitling a defendant to an out-of-time appeal is founded are (1) that every person has an absolute right to an appeal from a trial court conviction, and (2) that a criminal defendant's right to counsel extends through the period for taking an appeal." (internal citations omitted)).

An out-of-time appeal is properly brought through 28 U.S.C. § 2255. *See West*, 240 F.3d at 459–60; *United States v. Lara-Castro*, No. 09-1060, 2012 WL 12866312, at *4 (S.D. Tex. Nov. 9, 2012); *United States v. Martinez-Carrillo*, 91 F. App'x 353, 353–54 (5th Cir. 2004). Grounds

for a § 2255 challenge are (1) a sentence in violation of the Constitution or laws of the United States; (2) the sentencing court's lack of jurisdiction; (3) a sentence in excess of the statutory maximum; or (4) a sentence otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Ineffective assistance of counsel is a classic basis for such a claim. *See West*, 240 F.3d at 459 ("Since the 1960s, our court, pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal."). Ordinarily, an evidentiary hearing is held on the motion. 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); *Mack v. Smith*, 659 F.2d 23, 25–26 (5th Cir. 1981) (ineffectiveness of counsel as grounds).

From a successful challenge, the sentencing court may "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As an out-of-time appeal is not a specified statutory remedy, the Fifth Circuit has detailed the necessary procedural steps for a district court to provide such an appeal: the dismissal without prejudice of aspects of the § 2255 motion, upon which the out-of-time appeal is based, and the reinstatement of the criminal judgment, from which "starts the time for appeal to run anew." *West*, 240 F.3d at 460–61.

Here, defendant's § 2255 motion must be read alongside his motion to withdraw arguments and for an out-of-time appeal. Rec. Docs. 88, 94. Defendant files both *pro se*. It is already "axiomatic that courts are required to liberally construe pro se complaints." *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979). Such a construction looks to "the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it." *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011). The *pro se* movant cannot rely on conclusory allegations nor

4

avoid procedural requirements. *See Abram v. McConnell*, 3 F.4th 783, 787 (5th Cir. 2021); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988); *Johnson v. Gonzalez*, 172 F.3d 869 (5th Cir. 1999). However, *pro se* filings are not evaluated for technical precision but are "so construed as to do substantial justice." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting Fed. R. Civ. P. 8(f)); *see also Arredondo v. Univ. of Texas Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) ("[W]e can consider a pro se litigant's non-compliant brief when the non-compliance did not prejudice the opposing party."). This measure has led courts to speculate on the true issues the *pro se* litigant is asserting. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995) (finding the district court's speculative review to be overly narrow). The court's liberal construction of *pro se* filings applies specifically to habeas petitions. *See Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) ("[I]n this circuit pro se habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.").

In the instant motions, defendant's lack of legal precision does not leave him without the possibility of judicial support. He completed his § 2255 motion on the appropriate form, stating various grounds for post-conviction relief. Rec. Doc. 88 at 4–10. Two months later—and after the government's response—defendant filed a handwritten motion "to withdraw all arguments in the 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence." Rec. Doc. 94 at 1. That, generally, would end the inquiry. However, defendant's most recent motion immediately continued: "I ask to assert a request for an out of time appeal only where the record reflects an appeal was 'never taken.'" *Id*. Liberally construing defendant's request, this Court identifies defendant's desired outcome as an out-of-time direct appeal. As the proper procedural mechanism for such relief is a § 2255 motion, we evaluate defendant's earlier motion for a basis for an out-of-time appeal.

### B. Timeliness of defendant's 28 U.S.C. § 2255 motion

Fleming's out-of-time appeal is barred for failure to timely file his § 2255 motion. A movant has one year to file a § 2255 motion. 28 U.S.C. § 2255(f). The statute provides four possible moments for when that clock starts: (1) the date the conviction becomes final; (2) the date an unconstitutional or illegal impediment by the government is removed; (3) the date a pertinent right has been recognized and made retroactive by the Supreme Court; or (4) the date a movant exercising due diligence could have discovered claim-supporting facts. *Id.* at § 2255(f)(1)–(4).

In this case, the first three time provisions are clearly inapplicable. Fleming was sentenced August 14, 2019. Rec. Doc. 71 at 1. His conviction became final fourteen days later, when he failed to file a direct appeal. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, for § 2255 purposes, conclusion of direct review makes a conviction final). Fleming did not raise a § 2255 challenge until March 28, 2022—two years and seven months after his conviction became final. Rec. Doc. 88 at 13. By the first calculation standard, defendant is time-barred from filing a § 2255 motion.

Further, neither the second nor third options make defendant's motion timely. There is nothing to indicate a government action prevented Fleming from filing his motion earlier, nor does Fleming make such an assertion. *See* Rec. Doc. 92 at 5. Additionally, his arguments on the unconstitutionality of his predicate § 924(c) charges and carjacking convictions fail to present new grounds for consideration. *Compare id.* at 4–7 *with* Rec. Docs. 80, 84. The Court previously denied defendant's argument on the same theory. Rec. Doc. 86 at 2–5.

Defendant's final timestamping recourse, however, demands deeper inquiry. The one-year period to file a § 2255 motion can run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §

6

2255(f)(4). The Fifth Circuit has held that the movant's requirement of due diligence remains when receiving inadequate legal advice. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012). Even attorney abandonment "does not, by itself, excuse the petitioner from his duty of diligence." *Id.* at 184 n.2. An objective standard, a party's diligence "must merely be due or reasonable under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008) (internal citation omitted). Prolonged inaction by the movant rarely meets the reasonably diligent standard. *See United States v. Rodriguez*, 858 F.3d 960, 963 (5th Cir. 2017) (finding motion untimely when filed fifteen months after conviction became final, despite attorney abandonment). Circumstances can demand the movant investigate further legal requirements. *See United States v. Petty*, 530 F.3d 361, 367 (5th Cir. 2008).

Courts have found diligence when a movant actively pursues relief in the face of misinformation or logistical obstacles. *See Maples v. Thomas*, 565 U.S. 266, 276–78 (2012); *Holland v. Florida*, 560 U.S. 631, 653 (2010). In *Maples v. Thomas*, the Supreme Court observed diligence in the late-filing petitioner. *Maples*, 565 U.S. at 278. Initially denied habeas corpus relief for failure to timely appeal his state conviction, the defendant showed his diligence when he "immediately contacted his mother" after receiving his first direct contact of the status of his appeal. *Id.* at 277. The defendant had proven complete abandonment by counsel after an initial appeal was filed. *Id.* at 283–84. Similarly, the Supreme Court reversed an overly burdensome diligence standard in *Holland v. Florida*. 560 U.S. at 653. Therein, the Court flatly rejected the government's contention that diligence was not shown from the movant's numerous letters to "his attorney[,] . . . the state courts, their clerks, and the Florida State Bar Association." *Id*. Further, he acted quickly when finally receiving his sought-after information: "[T]he very day that [the defendant] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the

7

defendant] prepared his own habeas petition pro se and promptly filed it with the District Court." *Id*.

In the instant motion, defendant repeatedly claims his ignorance of legal issues left him in the dark on his "rights and the rules" of appellate procedure. Rec. Doc. 88 at 5–6, 8–10, 12. More pointedly, he states, "I was not fully informed of my binding plea of guilty nor the factors of my plea. My attorney failed to file an appeal." *Id.* at 8. In the time since his conviction, defendant has requested court transcripts and filed a *pro se* motion to reduce his sentence. Rec. Docs. 74, 76, 78, 80. He also twice petitioned for the appointment of counsel. Rec. Docs. 85, 90. Only the transcript requests were filed within a year of his conviction becoming final. Rec. Docs. 74, 76. On the record documents alone, defendant does not prove his due diligence, much less the discovery of claim-supporting facts from that diligence.

Neither does he prove reasonable diligence from his instant motion. His motion indicates that when he agreed to his plea deal he was "scared," "tricked" by his lawyer, and misled. Rec. Doc. 88 at 9. However, his diligence requirement remains.[1] As with *Maples* and *Holland*, findings of diligence follow quick, if late, action by a movant. *Maples*, 565 U.S. at 278; *Holland*, 560 U.S. at 653. Such facts simply are not present in Fleming's case. *See generally* Rec. Doc. 88. Even with broad speculation of possible discoveries of claim-supporting facts, defendant's motion does not exhibit party diligence, filed two years and seven months after his judgment became final. Lacking reasonable diligence, defendant is time-barred from filing a § 2255 motion.[2] Thus, defendant is unable to file an out-of-time appeal.

---

[1] Without detailing the necessary showing of reasonable diligence, the Fifth Circuit did imagine a scenario "of a counsel misleading his client into believing that activity is taking place." *Manning*, 688 F.3d at 186 n.6. We similarly conclude that such circumstances are not present here.

[2] The lack-of-diligence finding would be the same from an equitable tolling standpoint. The Supreme Court has named two elements for establishing equitable tolling: (1) the movant's diligent pursuit of rights and (2) extraordinary circumstances that prevented assertion of those rights. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The defendant

### C. Defendant is not entitled to counsel

In post-conviction proceedings, including a § 2255 motion, there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir. 2013) ("[T]he Sixth Amendment does not apply in habeas proceedings."). However, the Court may use its discretion to appoint counsel if it is in the interest of justice, such as when the motion involves a complicated or unresolved issue. *See United States v. Robinson*, 542 F. 3d 1045, 1051–52 (5th Cir. 2008); *United States v. Declouet*, No. 07-198, 2020 WL 708137, at *1 (E.D. La. Feb. 12, 2020).

In this case, the claims in defendant's § 2255 motion are not complicated or legally unresolved. Further, no evidentiary hearing is needed to evaluate the motion's timeliness. Accordingly, defendant's request for appointment of counsel lacks merit.

New Orleans, Louisiana, this 4th day of January, 2024

<u>                                              </u>
SENIOR UNITED STATES DISTRICT JUDGE

---

bears the burden to prove each element. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Even assuming extraordinary circumstances prong, Fleming has not given any indication of diligently pursuing his rights. The Fifth Circuit has held that other court filings during the one-year window do not prove a petitioner's reasonable diligence. *See United States v. Perkins*, 481 F. App'x 114, 116 (5th Cir. 2012) (refusing to apply equitable tolling to a fourteen-month-late § 2255 motion despite multiple earlier court filings, including one for an out-of-time appeal).